Curia, per

Butler, J.
The defendant Was indicted and convicted at Barnwell, for trading with a slave without a permit. The facts of the case, and grounds of appeal, are set forth in the report of the presiding Judge. The second countin the indictment charges that the defendant “ did deal, trade and traffic with a certain slave of Seaborn-■*-, (Ward being left out,) by selling to the said slave spirituous liquors, the said slave not having a permit so to deal, trade and traffic, from or under the hand of the said Seaborn Ward, or from and under the hand of any person having the care and management of said slave.” Several exceptions are taken to this count in arrest of judgment; and the question arises, to which of the Acts of the Legislature against trading with a slave without a permit, is the count fairly referable 1 Is it good on the face of it, with out reference to testimony, either under the Act of 1817 or the Act of 1834 1 The first clause of the Act of 1817, is in the following words : “ That from and immediately after the passing of this Act, if any shopkeeper, trader, or other person, shall,, at any time hereafter, by himself or other person acting for him or her, as his or her clerk, or otherwise directly or indirectly, buy or purchase from any slave in any part of this State, any corn, peas, rice, or 'other grain, bacon, flour, tobacco, indigo, cotton, blades, hay, or other article whatsoever, or shall otherwise deal, trade or traffic with any slave not having a permit so to deal, trade or traffic, or to sell any such article, from or under the hand of his master or owner, or such other person as may have the care or management of such slave, such shop-keeper, trader, or other person, shall, for any such offence, forfeit a sum not exceeding one thousand dollars, and be imprisoned a term not exceeding twelve months,' and not less than one month.” The words of the Act of 1834, are, “ If any free white person, being a distiller, vender or retailer of spirituous liquors, shall sell, exchange, give, or in any otherwise deliver spirituous liquors to any slave, except upon written express orders of the owner, or person having the care .and management of such slave, such person, upon conviction, shall be imprisoned not exceeding six months, and be fined not exceeding one hundred dollars.”
Without regard to the different grounds taken in arrest of judgment, and for a new trial, I shall state and decide the main question in this case. Can the defendant be sentenced under the Act of 1817, or does his case come exclusively withiu the provisions of the Act of 18341 The count on its face, may be regarded as good under the first Act, no reference *192 being had to the evidence in the case. From the testimony-, it appears that defendant was a shop-keeper, and retailer and vender of spirituous liquors. He comes expressly within the provisions of the Act of 1834, but he is not indicted in the words of this Act, and of course cannot be convicted or sentenced ubder it; and unless he can be sentenced under the Act of 1817, he must have a new trial. If he could be Sentenced under either Act, the conviction is good; but if he is exclusively liable uhder the Act of 1834, then it follows that he is not liable under any other Act, and that the Act of 1834, to a certain extent, repeals all other Acts on the subject; that is to say, so far as it ielates to distillers, venders,- and- retailers of spirituous liquors. The court has come to this- conclusion. The Act of 1817 has many provisions of the Act- of 1834, which are unimpaired by the last Act. This last Act is specifically confined to the class of persons enumerated in' it, and so far as it regards them, it has created new offences, and has imposed penalties different in degree from those of the first Act. It is madé an offence to give or deliver spirits to a slave without an express and written permit tó do so. Fkom their vocation, retailers are continually running the risk of incurring the penalties of this Act. They are subjected to difficulties and inconveniences unknown to the law before the Act was passed. New offences are not only created, but they are subjected to new rules of evidence, which very much increase the difficulties of an acquittal. It would seem right, therefore; that they should have all th'e benefits of the Act; and to avail themselves of all the advantages affinded by it, they have aright to be charged in the words of the Act; that they may be exempt from the higher penalties imposed by the Act of 1817. For cases might occur, in which it would be important that convicts should have the right to chodse between the ex-; treme penalties of either Act. Although the Act of 1834 does not, in express terms, repeal a portion of the Act of 1817, yep in its purpose and operation it must have that effect. It is different, specific and exclusive in its provisions. There are particular classes of persons embraced in it, and they should be charged in its words, and tried by its provisions. The law Will not allow a citizen to be entrapped by being charged under one Act and be found guilty and sentenced under another. It is easy to follow the prescriptions' of the different Acts, and prosecuting officers should do so.
i'Colcock <$• Belliiiger, for the motiori.
Let the defendant have a new trial.
O'Neall, Harper, Richardson, Johnston, JoMnson, Evans, Gantt; and HeSaussure, CC. and JJ. concurred.